1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| BRUCE THOMAS,<br><br>                                   Plaintiff,<br><br>v.<br><br>JEFFREY BEARD, Secretary, et al.,<br><br>                                   Defendant. | Case No.:  15-cv-01921-H-MDD<br><br>**ORDER:**<br>**(1) DENYING PETITION FOR WRIT OF HABEAS CORPUS;**<br>[Doc. No. 15]<br>**(2) ADOPTING REPORT AND RECOMMENDATION; AND**<br>[Doc. No. 23]<br>**(3) DENYING CERTIFICATE OF APPEALABILITY** |

        On August 31, 2015, Petitioner Bruce Thomas, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking relief from a California misdemeanor conviction for obstructing a peace officer.  (Doc. No. 1.)  On February 19, 2016, Petitioner filed a first amended habeas petition, alleging a single claim that the state appellate proceedings violated his Fourteenth Amendment right to Due Process.  (Doc.

1

No. 15.)  On March 30, 2016, Respondent filed an answer to the petition.  (Doc. No. 19.)  On April 19, 2016, Petitioner filed a traverse.  (Doc. No. 21.)  On August 1, 2016, the magistrate judge issued a report and recommendation recommending that the Court deny the petition.  (Doc. No. 23.)  On August 18, 2016, Petitioner filed an objection to the report and recommendation.  (Doc. No. 24.)  After careful consideration, the Court denies Petitioner's petition for writ of habeas corpus and adopts the magistrate judge's report and recommendation.

### Background

#### I.    State Procedural History

On May 22, 2014, a California jury convicted Petitioner of one misdemeanor offense of resisting, delaying, or obstructing a peace officer in violation of California Penal Code § 148(a)(1).[1]  (Doc. No. 20-2, Lodgment No. 11-1 at CT 176.)  Following state appellate procedures for misdemeanor convictions, Petitioner, proceeding pro se, appealed to the appellate division of the Superior Court of California.  (Doc. No. 20-1, Lodgment No. 10 at 15–20, 48–56.)  After oral argument, on March 5, 2015, a three-judge panel rejected all of Petitioner's claims on the merits and unanimously affirmed the trial court's judgment.  (Id. at 7–8.)

On March 23, 2015, the appellate division of the Superior Court denied Petitioner's petition for rehearing and on June 8, 2015, denied Petitioner's motion to call the remittitur.  (Id. at 2–3, 5.)  On May 8, 2015, the appellate division denied Petitioner's motion to certify the case to the California Court of Appeal as untimely.  (Id. at 3.)

On June 17, 2015, Petitioner filed a petition for writ of mandate in the California Court of Appeal.  (Doc. No. 22-2, Lodgment No. 2 at 1–2.)  On June 30, 2015, the

---

[1]  Because the claim in the petition rests on the procedural circumstances of Petitioner's state appellate proceedings, the Court omits the factual background of Petitioner's trial.  But a description of the facts can be found in the respondent's brief filed in the appellate division of the Superior Court of California.  (See Doc. No. 20-1, Lodgment No. 10 at 31–33.)

15-cv-01921-H-MDD

California Court of Appeal summarily denied Petitioner's petition for a writ of mandate. (Doc. No. 22-3, Lodgment No. 3.)   Petitioner then filed a petition for review in the California Supreme Court.  (Doc. No. 22-4, Lodgment No. 4.)  On August 12, 2015, the California Supreme Court summarily denied the petition.  (Doc. No. 22-6, Lodgment No. 6.)

## II.    Federal Procedural History

On August 31, 2015, Petitioner filed a federal habeas petition before this Court, alleging that the state appellate proceedings violated his due process rights.[2]  (Doc. No. 15 at 3–4.)  On March 30, 2016, Respondent filed an answer to the petition.  (Doc. No. 19.)  On April 19, 2016, Petitioner filed a traverse.  (Doc. No. 21.)  On August 1, 2016, the magistrate judge issued a report and recommendation recommending that the Court deny the petition.  (Doc. No. 23.)  On August 18, 2016, Petitioner filed an objection to the report and recommendation.  (Doc. No. 24.)

**Discussion**

## I.    Legal Standards for 35 U.S.C. § 2254 Habeas Petition

A federal court may review a petition for writ of habeas corpus by a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); accord Swarthout v. Cooke, 562 U.S. 216, 219 (2011) ("[F]ederal habeas corpus relief does not lie for errors of state law." (quoting Estelle v. McGuire, 502 U.S. 62, 67 (1991)) (internal quotation marks omitted)).  "Habeas corpus is an 'extraordinary remedy' available only to those 'persons whom society has grievously wronged . . . .'"  Juan H. v. Allen, 408 F.3d 1262, 1270 (9th Cir. 2005) (quoting Brecht v. Abrahamson, 507 U.S. 619, 633–34

---

[2]  In his original petition, Petitioner also alleged ineffective assistance of counsel for failure to object to the prosecutor's introduction of non-victim witness testimony at trial.  (Doc. No. 1 at 7.)  However, Petitioner subsequently abandoned this claim when he amended the petition to allege only the due process claim.  (Doc. Nos. 13, 15.)

(1993)).   Because Petitioner filed the present petition after April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the petition.  See Lindh v. Murphy, 521 U.S. 320, 322–23 (1997); Chein v. Shumsky, 373 F.3d 978, 983 (9th Cir. 2004) (en banc).

Under AEDPA, a petition for writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim":

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Cullen v. Pinholster, 563 U.S. 170, 181 (2011).  "This is a 'difficult to meet,' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'"  Pinholster, 563 U.S. at 181 (citations omitted).  "Section 2254(d) thus demands an inquiry into whether a prisoner's 'claim' has been 'adjudicated on the merits' in state court; if it has, AEDPA's highly deferential standards kick in."  Davis v. Ayala, 135 S. Ct. 2187, 2198 (2015).  "The petitioner carries the burden of proof."  Pinholster, 563 U.S. at 181.

Under § 2254(d)(1), a federal court may grant habeas relief only if the state court's decision was "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  The Supreme Court has explained that "§ 2254(d)(1)'s 'contrary to' and 'unreasonable application' clauses have independent meaning.'"  Bell v. Cone, 535 U.S. 685, 694 (2002); see Williams v. Taylor, 529 U.S. 362, 404–05 (2000) (distinguishing the "contrary to" and the "unreasonable application" standards).  "A state-court decision is 'contrary to' [the Supreme Court's] clearly established precedents if it 'applies a rule that contradicts the

4

governing law set forth in our cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.'"  Early v. Packer, 537 U.S. 3, 8 (2002) (quoting Williams, 529 U.S. at 405–06).  A state court decision is "an unreasonable application" of the Supreme Court's clearly established precedent if "the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case" or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Williams, 529 U.S. at 407.  Under the "unreasonable application" prong, "the state court's decision must have been more than incorrect or erroneous." Wiggins v. Smith, 539 U.S. 510, 520 (2003).  The state court's application of the relevant precedent must have been objectively unreasonable.  Id.; Lockyer v. Andrade, 538 U.S. 63, 76 (2003); see also Harrington v. Richter, 562 U.S. 86, 100 (2011) ("A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision.").

Under § 2254(d)(2), a federal court may grant habeas relief only if the state court's decision "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Under this provision, "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Wood v. Allen, 558 U.S. 290, 301 (2010) ("[E]ven if '[r]easonable minds reviewing the record might disagree' about the finding in question, 'on habeas review that does not suffice to supersede the trial court's . . . determination.'").  "Instead, § 2254(d)(2) requires that [the federal habeas court] accord the state trial court substantial deference." Brumfield v. Cain, 135 S. Ct. 2269, 2277 (2015).

In conducting an analysis under AEDPA, the federal habeas court looks to the last reasoned state-court decision.  Castellanos v. Small, 766 F.3d 1137, 1145 (9th Cir. 2014); Murray v. Schriro, 745 F.3d 984, 996 (9th Cir. 2014).  Where there is an unexplained decision from the state's highest court, the federal habeas court "looks through" to the last reasoned state court decision and presumes that the unexplained opinion rests upon the same ground.  Ylst v. Nunnemaker, 501 U.S. 797, 801–06 (1991); see, e.g., Brumfield, 135 S. Ct. at 2276.  Where no state-court decision furnishes a basis for the state court's underlying reasoning, the court must engage in an independent review of the record and ascertain whether the state court's decision was objectively unreasonable.  Castellanos, 766 F.3d at 1145; see also Richter, 562 U.S. at 98 ("Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief.").

In addition, even if a federal habeas petitioner has established that a constitutional error occurred, the petitioner is not entitled to habeas relief based on a trial error unless the petitioner can establish that the error "resulted in 'actual prejudice.'"  Brecht, 507 U.S. at 637; accord Ayala, 135 S. Ct. at 2197.  "Under that standard, an error is harmless unless it had substantial and injurious effect or influence in determining the jury's verdict."  Fry v. Pliler, 551 U.S. 112, 116 (2007) (internal quotation marks and citation omitted).  Further, "[t]here must be more than a 'reasonable possibility' that the error was harmful."  Ayala, 135 S. Ct. at 2198.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1); accord Fed. R. Civ. P. 72(b)(3).  If a party objects to any portion of the magistrate's report, the district court reviews de novo those portions of the report.  Id.; see also United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if*

1   *objection is made*, but not otherwise." (emphasis in original)).

2   **II.   Petitioner's Procedural Due Process Claim**

3          As his sole ground for habeas relief, Petitioner alleges that the California appellate

4   proceedings violated his due process rights by limiting his oral arguments at the appellate

5   division of the Superior Court.  (Doc. No. 15 at 4.)  Since the California Court of Appeal

6   and the California Supreme Court summarily denied Petitioner's due process claim, this

7   Court engages in an independent review of the record to ascertain whether the state court

8   decision was objectively unreasonable.  See Castellanos, 766 F.3d at 1145; Richter, 562

9   U.S. at 98.

10         Clearly established Supreme Court precedent provides that there is no constitutional

11  right to an appeal.  Jones v. Barnes, 463 U.S. 745, 751 (1983).  Further, "a prisoner has no

12  absolute right to argue his own appeal or even to be present at the proceedings in an

13  appellate court."  Price v. Johnston, 334 U.S. 266, 285 (1948).  "Oral argument on appeal

14  is not an essential ingredient of due process and it may be circumscribed as to prisoners

15  where reasonable necessity so dictates."  Id. at 286; see Martinez v. Court of Appeal of

16  California, Fourth Appellate Dist., 528 U.S. 152, 163 (2000) ("[A] lay appellant's rights to

17  participate in appellate proceedings have long been limited by the well-established

18  conclusions that he has no right to be present during appellate proceedings, or to present

19  oral argument." (internal citations omitted)).  Although not required by the Constitution, a

20  state has great discretion and may nonetheless provide defendants with certain appellate

21  rights, so long as the appellate procedures comport with due process.  See Martinez, 528

22  U.S. at 163–64; Griffin v. Illinois, 351 U.S. 12, 17–18 (1956).

23         Petitioner has failed to show that the state court's decision denying his claim

24  involved an unreasonable interpretation of clearly established Supreme Court precedent,

25  or an unreasonable determination of the facts in light of the evidence.  Petitioner's oral

26  argument at the appellate division of the Superior Court did not violate his due process

27

28

15-cv-01921-H-MDD

rights.  In California, a criminal defendant has a right to oral argument on appeal.  <u>People v. Brigham</u>, 25 Cal. 3d 283, 285–88.  However, the California Rules of Court imposes time limitations on oral arguments.  For appeals of misdemeanor convictions in the appellate division of the Superior Court, each party is allowed ten minutes for oral argument.  Cal. Rules of Court, rule 8.885(e)(2); <u>see</u> <u>Jones v. Barnes</u>, 463 U.S. 745, 753 (1983) (noting that "oral argument is strictly limited in most courts").  Under <u>Price</u>, a pro se litigant has no constitutional right to present oral argument during appellate proceedings.  334 U.S. at 286. In exercising state discretion, California has provided a right to oral argument, subject to time limitations.  Here, the appellate division gave Petitioner ten minutes, consistent with California Rule of Court 8.885(e)(2).  Accordingly, in limiting Petitioner's oral argument to ten minutes, the California courts did not violate Petitioner's due process rights.

Petitioner also contends that in another case that same day the appellate division allowed the defense counsel approximately thirty five minutes to present oral argument, but limited his oral argument to ten minutes.  (Doc. No. 24 at 2.)  However, a court may exercise its discretion to grant a party more time for oral argument.  It is not a due process violation when the court did not give Petitioner more than ten minutes for oral argument. <u>See</u> <u>Martinez</u>, 528 U.S. at 163–64.

Finally, Petitioner argues that he was not able to present certain photographic evidence during his oral argument before time expired.  (Doc. No. 15 at 4.)  Again, the right to self-representation is not absolute, and the defendant must intelligently conduct his own defense in a timely manner.  <u>Martinez</u>, 528 U.S. at 161–62.  It was Petitioner's responsibility to present whatever evidence he deemed important during the time allotted. Therefore, Petitioner has failed to show a due process violation in his state appellate proceedings.  Because the state court's decision was not an unreasonable interpretation of clearly established Supreme Court precedent or an unreasonable determination of the facts, the Court denies Petitioner's claim for habeas relief.

15-cv-01921-H-MDD

**III.    Certificate of Appealability**

A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a district court has denied the petitioner's constitutional claims on the merits, the petitioner satisfies the above requirement by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Court concludes that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong.  Accordingly, the Court declines to issue a certificate of appealability.

## Conclusion

For the foregoing reasons, the Court denies Petitioner's petition for a writ of habeas corpus and adopts the magistrate judge's report and recommendation.  (Doc. Nos. 15, 23.)  Additionally, the Court denies Petitioner a certificate of appealability.

**IT IS SO ORDERED.**

DATED:  November 3, 2016

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

9

15-cv-01921-H-MDD